IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Doris Levesque, | Case No. 3:10 CV 606 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| City of Toledo, | |
| Defendant. | |

## INTRODUCTION

This matter comes before the Court on Defendant's Motion for Summary Judgment (Doc. No. 16). Plaintiff opposed (Doc. No. 28) and Defendant replied (Doc. No. 31). The matter was referred to Magistrate Judge James Knepp, who issued a Report and Recommendation ("R&R") (Doc. No. 34) recommending this Court grant Defendant's Motion. Plaintiff filed Objections (Doc. No. 35), and Defendant filed a Response (Doc. No. 36).

## BACKGROUND

The R&R accurately recites the relevant factual and procedural history, to which Plaintiff does not object, and this Court adopts that record summary in its entirety. Briefly, Plaintiff, an African-American, is a former employee of Defendant City of Toledo's Water Department. She was terminated in April 2009 for violating Defendant's rules regarding personal internet use. She alleges this is simply pretext, and that Defendant and its employees discriminated against, retaliated against, and harassed her based on her race.

**DISCUSSION**

Plaintiff raises seven objections to the R&R. As required by 28 U.S.C. § 636(b)(1), this Court has made a *de novo* review of those portions of the Magistrate's R&R to which Plaintiff has objected. Each will be addressed in turn.

**Objection Nos. 1–2**

Plaintiff argues that because other City employees had access to her computer, Defendant did not make a reasonably informed decision about terminating her. She claims the Magistrate erred by focusing on whether Defendant "did not believe Plaintiff improperly used her city computer" (Doc. No. 35, at 2).

Plaintiff's objection is not well-taken. The Magistrate acknowledged the appropriate standard and this Court agrees with his conclusion. Plaintiff has not put forth any evidence suggesting Defendant failed to make an informed decision prior to terminating her. In fact, prior to Plaintiff's termination, Defendant held a disciplinary hearing regarding the charges that led to her termination. Plaintiff's conclusory allegations are insufficient to create a material issue of material fact. *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009).

Second, Plaintiff argues the disciplinary proceedings against her were a violation of the collective bargaining agreement which is further evidence that her termination was not because of her breach of the internet policy. Again, this Court agrees with the Magistrate because this evidence does not demonstrate Plaintiff's termination was the result of racial discrimination, rather than internet misuse. Plaintiff asserts she was "advanced through the step system improperly and the instances of discipline were procedurally improper and factually suspect" (Doc. No. 35, at 3). Although there are cases where the "sheer weight" of circumstantial evidence demonstrates that discrimination was

2

"more likely than not" the reason for an employee's discharge rather the employer's given reason, this is not one of those cases. *See Smith v. Leggett Wire Co.*, 220 F.3d 752, 759 (6th Cir. 2000). Viewing the evidence in a light most favorable to Plaintiff, Plaintiff fails to raise an issue of fact that her termination was for any reason other than that offered by Defendant.

**Objection No. 3**

Plaintiff argues she has demonstrated a *prima facie* case of hostile work environment because Defendant could not simply imply she failed to prove all elements of her claim (Doc. No. 35, at 5). However, under federal law, Defendant is permitted to do just that. A "moving party need not support its motion with evidence disproving the nonmoving party's claim, but need only 'show[]' -- that is, point[] out to the district court -- that there is an absence of evidence to support the nonmoving party's case. The pivotal question is whether the party bearing the burden of proof has presented a jury question as to each element of its case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Here, Defendant pointed out that Plaintiff cannot demonstrate all the required elements of her hostile work environment claim. Plaintiff was required to put forth "evidence on which the jury could reasonably find for the plaintiff," *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986), but by failing to demonstrate a *prima facie* case, Plaintiff has failed to do so.

**Objection No. 4**

Plaintiff argues she has set forth sufficient facts demonstrating she was subjected to severe and pervasive harassment rising to the level of a hostile work environment. She claims she was followed by a fellow employee, Amy Szalkowski, monitored by supervisors, and was served disciplinary papers in front of other employees (Doc. No. 28, at 11–12). Plaintiff also asserts she did not believe other

3

Caucasian employees were subjected to the same disciplinary actions. She made this same argument opposing summary judgment, and she now offers nothing more in her Objection (see Doc. No. 28, at 11). The Magistrate correctly found that Plaintiff's personal belief she was severely harassed, without more, is not enough. *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 584–85 (6th Cir. 1992) (finding plaintiff's subjective beliefs insufficient to create a genuine issue of fact).

**Objection No. 5**

Plaintiff objects to the Magistrate's use of an "overly restrictive" analysis in determining whether Plaintiff demonstrated she was treated differently than other similarly situated employees. On this point, Plaintiff is only partially correct. The Magistrate relied on the standard in *Mitchell*, which required a plaintiff to show she was "similarly situated in **all** respects" to other employees. *Mitchell*, 964 F.2d at 583 (emphasis added). However, the Magistrate should have relied on the slightly different standard announced in *Ercegovich v. Goodyear Tire & Rubber, Co.*, 154 F.3d 344, 352 (6th Cir. 1998), which requires a plaintiff to show she is "similarly situated in all **relevant** aspects." *See Barry v. Noble Metal Processing, Inc.*, 276 F. App'x 477, 481 (6th Cir. 2008) (explaining that *Ercegovich* modified the analysis used in *Mitchell*).

The error here is of little moment, however, because it does not change the outcome. Plaintiff simply pointed to Caucasian city employees -- including Chris Green, Tim Troutman and Rodney Dumond -- whom she claims were "permitted to shirk their job duties or shop online while at work" without being disciplined at all or by being disciplined less severely than Plaintiff (Doc. No. 28, at 8). Plaintiff failed to offer any evidence, or even attempt to show, that these other employees were "similarly situated in all relevant aspects." Her own unsupported conclusions are not enough.

**Objection No. 6**

Plaintiff claims the Magistrate erred by finding that 42 U.S.C. § 1981 does not extend liability to Defendant. However, Sixth Circuit case law demonstrates the Magistrate's conclusion was correct. *See Arendale v. City of Memphis*, 519 F.3d 587, 594–99 (6th Cir. 2008) (expressly finding "no independent cause of action against municipalities is created by § 1981(c)").

**Objection No. 7**

In her final objection, Plaintiff simply states she believes her evidence establishes pretext in relation to her retaliation claim and the Magistrate erred in concluding otherwise. As discussed above (Objection Nos. 1–2), however, Plaintiff's evidence was insufficient to demonstrate pretext.

### CONCLUSION

For the above reasons, this Court finds Plaintiff's objections not well-taken. This Court adopts the Magistrate's recommendation and grants Defendant's Motion. Case is dismissed.

IT IS SO ORDERED.

                                                s/ *Jack Zouhary*
                                                JACK ZOUHARY
                                                U. S. DISTRICT JUDGE

                                                March 3, 2011